UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JACQUELINE SNAZA and WAYNE SNAZA, Individually and as Representatives of the Estate of DUANE SNAZA,<br><br>  Plaintiffs,<br><br>v.<br><br>CENDANT OPERATIONS, INC., HOWARD JOHNSON INTERNATIONAL, INC. and STUDENTCITY.COM, INC.,<br><br>  Defendants. | § § § § § § § § § § § § § § § § § § | CASE NO. 3:07-cv-00495-B |

### DEFENDANT STUDENTCITY.COM, INC.'S MOTION
### TO DISMISS OR TRANSFER AND SUPPORTING BRIEF

Pursuant to FED. R. CIV. P. Rule 12(b)(2), Defendant StudentCity.com, Inc. ("StudentCity") moves to dismiss this case as to it on the basis of lack of *in personam* jurisdiction, or in the alternative, StudentCity moves pursuant to 28 U.S.C. § 1404(A), that this case be transferred to the District of Massachusetts on the basis of a valid, binding forum selection clause.

STATEMENT OF THE CASE

This is a wrongful-death case brought originally in the state district courts in and for Dallas County, Texas. Plaintiffs, as was their decedent, are residents of South Dakota. Defendant StudentCity is a Delaware corporation headquartered in Massachusetts. Defendant Howard Johnson International, Inc. is a Delaware corporation headquartered in New Jersey. The other Defendant, Cendant Operations, Inc., has been dismissed from the case. Defendants timely removed the case to this Court based on diversity-of-citizenship jurisdiction.

Prior to removal StudentCity asserted a "special appearance" under TEX. R. CIV. P. Rule 120a (the Texas procedure for asserting lack of *in personam* jurisdiction functionally equivalent to a motion under FED. R. CIV. P. Rule 12(b)(2)) objecting to the Texas court's exercise of long-arm jurisdiction. The present motion incorporates the state court motion.

As alleged by plaintiffs, the material facts are:

> that StudentCity sold a spring break vacation package to Duane Snaza and arranged for all the details of his trip, including accommodations at the Howard Johnson International, Inc. hotel in Mazatlan, Mexico. Within less than 24 hours of his arrival to the hotel, Duane Snaza, on March 6, *2006*, fell over the hotel railing in front of his room ten floors to his death. Plaintiffs seek damages for the negligence and gross negligence.[1]

(Italics added.)

The pertinent facts regarding StudentCity are:

> Defendant StudentCity is a "tour operator." It functions somewhat as a wholesaler of goods. It purchases or commits to purchase quantities of airline tickets on designated flights and reserves quantities of hotel accommodations correlating to the airline reservations. StudentCity resells these reserved air and hotel accommodations to consumers either directly or through travel agents.

StudentCity acted as a tour operator in this case having sold the travel/hotel package to plaintiff's decedent.

The facts[2] regarding StudentCity's doing business in Texas are that StudentCity

- does not have any real property in Texas;

- did have a motor vehicle in Texas;

- does not have an office in Texas;

- was at the relevant time qualified to do business in Texas;

---

[1]  Joint Status Report, pg. 1. The actual date was March 6, 200*5* as evidenced by the Declaration of Mario Ricciardelli, ¶ 2, p. 1 (footnote 3, *infra*).

[2]  Declaration of Mario Ricciardelli; Movant's Appendix filed herewith, pp. 1 through 14, hereinafter referred to as "App. p.__."

- during the fiscal year ended October 31, 2005, sales in Texas amounted to less than two percent of its total sales by number of customers;

- does not direct any advertising to Texas except for advertisements in student newspapers and flyers handed out on or about college campuses;

- StudentCity does have employees who reside in Texas and do marketing in Texas and other states;

- the marketing consists of calling on college campuses, and providing printed marketing materials to prospective customers;

- the trip purchase transaction in this case was done entirely by Internet communications through StudentCity's website in the course of which plaintiffs' decedent, while in South Dakota, repeatedly confirmed his agreement to and acceptance of the transaction terms; and

- the written contract contains a Massachusetts forum selection provision.

The facts pertinent to the venue-transfer motion consist of the trip confirmation document[3] which provides for Massachusetts as the exclusive venue and StudentCity's business records showing the acceptance of the terms of the trip, including the forum-selection provision.

## SUMMARY OF ARGUMENT

The only connection that this case has with Texas is that plaintiffs' attorneys are based here. Specific long-arm jurisdiction is not present because there is no "substantial connection" between StudentCity's contacts with Texas and plaintiffs' cause of action. StudentCity's contacts with Texas might be sufficient to support general long-arm jurisdiction. However, StudentCity asserts that the

---

[3] *Id.*, Ex. A (App. pp. 4 and 5.)

exercise of general *in personam* jurisdiction in this case would not comport with fair play and substantial justice.

Even if general long-arm jurisdiction exists, this case would have to be transferred to Massachusetts because the forum selection provision is valid and binding on plaintiffs.

ARGUMENT AND AUTHORITIES

A.   *Burden of Proof; Applicable Law*

If a non-resident defendant challenges *in personam* jurisdiction, the plaintiff must establish a prima facie showing that jurisdiction exists. *See Rittenhouse v. Mabry,* 832 F.2d 1380, 1382 (5th Cir. 1987). A federal court sitting in diversity applies the long-arm jurisdiction jurisprudence of the forum state. *Rittenhouse,* 832 F.2d at 1383.

B.   *Long-arm Jurisdiction; Due Process*

Texas's long-arm jurisdiction statute, TEX. CIV. PRAC. & REM. CODE § 17.041, *et seq.*, reaches as far as the federal constitutional due process requirement allows. *See Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990). This means that the Court need be concerned only with whether the exercise of *in personam* jurisdiction over StudentCity offends due process. *See Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 413-14, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); *American Type Culture Collection v. Coleman*, 83 S.W.3d 801, 806 (Tex. 2002).

Whether the exercise of *in personam* jurisdiction is consistent with due process depends on two factors: (1) whether StudentCity has purposefully established "minimum contacts" with Texas; and (2) if so, does the exercise of jurisdiction comport with "fair play and substantial justice." *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 476, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

In *Helicopteros*, the Supreme Court divided minimum contacts into those that would support "general" jurisdiction and those that would support "specific" jurisdiction. Texas observes this

bifurcation. *See Guardian Royal Ins. Exchg. Assur., Ltd. v. English China Clays PLC*, 815 S.W.2d 223, 227-28 (Tex. 1991). Specific jurisdiction and general jurisdiction both require that a non-resident defendant purposefully avail itself of the privilege of conducting activities in the forum state. *Burger King*, 471 U.S. at 474-75; *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 784 (Tex. 2005). They differ in that specific jurisdiction requires that there be a nexus between the non-resident defendant's activity in the forum state and the plaintiff's cause of action, and general jurisdiction does not. *Helicopteros*, 466 U.S. at 414 n.8; *Guardian Royal*, 815 S.W.2d at 227.

C.   *Specific Jurisdiction*

In *Moki Mac River Expeditions v. Druggs*, ___ S.W.3d ___, 50 Tex. Sup. Ct. J. 498, 2007 Tex. LEXIS 188 (Tex. 2007) the Texas Supreme Court redefined for specific jurisdiction purposes the nexus between the non-resident defendant's activities in Texas and the plaintiffs' claims. In that case, the plaintiffs' minor decedent died accidentally while on a rafting trip in Arizona. The plaintiffs were Texas residents, as was the decedent's grandmother, who had purchased the trip for herself and her grandson. The evidence of purposeful activity on the part of the non-resident defendant established that, among other actions aimed at Texas, it did extensive advertising directly in Texas, gave free trips to Texas residents who recruited other customers and mailed brochures and release forms to the plaintiffs in Texas. 2007 Tex. LEXIS at [*16] – [*21]. The plaintiffs saw some of the defendant's advertising material and initiated the contact with defendant. *Id.* at [*2]. The trip was purchased by mail. *Id.* at [*2] – [*3]. Based on these activities, the court held that the non-resident defendant "had sufficient purposeful contact with Texas to satisfy the *first prong* of jurisdictional due process." *Id.* at [*22]. (Italics added.) The court then turned to the *second prong*: the nexus between the forum-state activities and the defendant's alleged liability. *Id.*

Plaintiffs' claims were based on negligence in failing to provide for the safety of the minor decedent, and also on negligent and intentional misrepresentation arising from the defendant's advertising material. *Id.* At [*3]. The court identified and analyzed four different approaches used by the courts to determine whether there is a nexus between the non-resident's forum-state activities and its alleged liability sufficient to satisfy due process. These are: (1) "but-for" relatedness; (2) substantive relevance/proximate cause; (3) "sliding scale" relationship; and (4) substantial connection to operative facts. *Id.* at [*23] – [*39]. The court rejected the first three and adopted the fourth. *Id.* ("[W]e believe that for a nonresident defendant's forum contacts to support the exercise of specific jurisdiction, there must be a *substantial connection* between those contacts and the operative facts of the litigation.") (Italics added.) In holding that there was not a substantial connection between the defendant's Texas activities and its alleged liability, the court states:

> Betsy Drugg alleges she was induced to send Andy on the rafting trip by Moki Mac's direct solicitation, which included statements made in Moki Mac's brochures and in the release it sent to the Druggs.
> . . .
> Certainly on a river rafting trip safety is a paramount concern, and we accept as true the Druggs' claim that Andy might not have gone on the trip were it not for Moki Mac's representations about safety. However, the operative facts of the Druggs' suit concern principally the guides' conduct of the hiking expedition and whether they exercised reasonable care in supervising Andy. The events on the trail and the guides' supervision of the hike will be the focus of the trial, will consume most if not all of the litigation's attention, and the overwhelming majority of the evidence will be directed to that question. Only after thoroughly considering the manner in which the hike was conducted will the jury be able to assess the Druggs' misrepresentation claim. In sum, "the [alleged misrepresentation] is not the subject matter of the case…nor is it related to the operative facts of the negligence action." …Whatever connection there may be between Moki Mac's promotional materials sent to Texas and the operative facts that led to Andy's death, we do not believe it is sufficiently direct to meet due-process concerns.

*Id.* at [*39] – [*41]. (Court's citations omitted.)

In the present case, plaintiffs do not allege any act or omission on the part of StudentCity that has any connection with any activity on the part of StudentCity directed to the state of Texas.[4] This being so, the substantial connection requirement is not met. Hence there is no specific *in personam* jurisdiction.

**D.     *General Jurisdiction***

　　*1.     Sufficiency of Contacts*

General jurisdiction is a difficult test to meet. *Guardian Royal*, 815 S.W.2d at 228. It requires extensive contacts between the non-resident defendant and the forum. *See Submersible Systems, Inc. v. Perforador Central, S.A.*, 249 F.3d 413, 419 (5th Cir. 2001). These contacts must be "systematic and continuous". *Helicopteros*, 466 U.S. at 412-13. In analyzing whether the non-resident defendant's contacts are sufficient, it is the quality, not the volume of contacts that matters. *See American Type Culture Collection*, 83 S.W.3d at 809-10.

As StudentCity does not have an office in Texas and no longer has assets in Texas, under the facts there are but three circumstances that could invoke general long-arm jurisdiction: (1) StudentCity's website; (2) StudentCity's employee in Texas; and (3) StudentCity's registering as a foreign corporation in Texas. On the other hand, the forum-selection provision in the tour contract argues strongly against general long-arm jurisdiction. The contacts are considered together, not in isolation. *Id.* at 809. When considered together, StudentCity's contacts with Texas may be sufficient for general long-arm jurisdiction.

A forum-selection provision is strong evidence of an intent on the part of a non-resident not to subject itself to *in personam* jurisdiction in a different forum. *See Michiana*, 168 S.W.3d at 792-93.

---

[4]　　The allegations comprising plaintiffs' claim against StudentCity are found in Part VI, ¶ 2 of their Original Petition.

By entering into contracts only in Massachusetts, and by providing that claims arising from those contracts be adjudicated only in Massachusetts, StudentCity has taken pains to avoid general *in personam* jurisdiction. *Bearry, supra*. Although StudentCity might reasonably anticipate being haled into court in Texas by a Texas resident on a claim arising from a contract entered into with a Texas resident, that fiction cannot be extended so as to confer general *in personam* jurisdiction over a claim arising from a contract with a South Dakota resident for an injury that occurred in Mexico.

2.  *Fair Play and Substantial Justice*

Citing *Asahi Metal Ind. v. Superior Court*, 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987), the *Bearry* court lists the following matters to be considered in evaluating whether the exercise of jurisdiction comports with fair play and substantial justice: (1) the burden on the defendant; (2) the interests of the forum state; (3) the plaintiff's interest in obtaining relief; and (4) the interests of the several states. None of these factors argues in favor of Texas as the proper forum.

a.  *Burden on Defendant*

StudentCity has no known witnesses in Texas and has no records in Texas. But the same is true for plaintiffs. This is not a case of shifting the burden of inconvenience. As mentioned earlier, the only connection between the case and Texas is the location of plaintiff's attorneys (and perforce, but not by choice, StudentCity's attorneys). In the context of a venue transfer motion under 28 U.S.C. § 1404, the convenience of plaintiffs' attorneys is entitled to little or no weight. *See Reed v. Fina Oil & Chem. Co.*, 995 F.Supp. 705, 716 (E. D. Tex. 1998). The weight should not be any greater in the present context.

b.  *Texas's Interest*

For the reasons stated throughout this motion and brief, Texas has no special interest in this litigation.

*c.     Availability of Relief*

Texas is not the only forum available to plaintiffs. Indeed, if the forum-selection provision is enforced, the only forum available to plaintiffs is Massachusetts.

*d.     Other States' Interests*

Certainly Massachusetts would have an interest in adjudicating a claim against one of its citizens. South Dakota too might have an interest in providing a forum for plaintiffs' claims.

*e.     In Summary*

The facts of this case establish that to require StudentCity to defend itself in Texas, even though it may be subject to general *in personam* jurisdiction, would not comport with fair play and substantial justice.

*E.     Motion to Transfer*

StudentCity's motion to transfer this case to the District of Massachusetts is based on a provision to that effect in the "Tour Participation Agreement" by which plaintiffs' decedent agreed to be bound. It provides:

> FORUM:   You agree that any litigation regarding the interpretation, breach or enforcement of this agreement, or related to your trip shall be filed and heard by state or federal courts in ESSEX COUNTY in the COMMONWEALTH OF MASSACHUSETTS and nowhere else.

This provision is plain and free from ambiguity. Whether it must be enforced is a question of federal law. *Haynsworth v. The Corporation*, 121 F.3d 956, 962 (5th Cir. 1997); *Int'l Software Sys, Inc. v. Amplicon, Inc.*, 77 F.3d 112, 114-115 (5th Cir. 1996). There is a strong presumption that the provision is enforceable unless the resisting party "could clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching."

*Id.*, quoting *M/S Bremen v. Zapata Offshore Co.*, 407 U.S.1, 9-11 (1972); *Stanley Computer Group, L.L.C. v. Hoosier Freelance, Inc.,* 2002 U.S. Dist. LEXIS 12071 [*12] (N. D. Tex. 2002).[5]

Exclusive forum selection provisions have uniformly been upheld in numerous cruise ship cases. *See, e.g. Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585; 589-95, 111 S. Ct. 1522, 113 L.Ed.2d 622 (1991); Momin *v. Carnival Cruise Lines, Inc.*, 2006 U. S. Dist. LEXIS 91008 (S. D. Tex. 2006) and *Wiggins v. Carnival Corp.*, 2005 U.S. Dist. LEXIS 18235 (W. D. Tex. 2005), and cases cited therein. There is no basis for distinguishing the travel in the present case from the cruise ship cases. The provision in this case is presumptively valid and requires that the case be transferred. *See Jackson v. West Telemarketing Corp.*, 245 F.3d 518, 522-23 (5th Cir. 2001). Given that the parties and the facts have no connection to Texas, plaintiffs cannot show that enforcement of the forum selection provision would be "unreasonable and unjust."

## CONCLUSION

Specific long-arm jurisdiction is present in this case. Although StudentCity's contacts with Texas may support general long-arm jurisdiction, the exercise of jurisdiction in this case would offend Due Process. The case should be either dismissed as to defendant StudentCity or transferred to the District of Massachusetts pursuant to the forum-selection clause.

> Respectfully submitted,
>
> GLAST, PHILLIPS & MURRAY, P.C.
>
> */s/Robert B. Cousins, Jr.*
> Robert B. Cousins, Jr.
> State Bar No. 04900000
> Lawrence Fischman
> State Bar No. 07044000

---

5  Texas follows the Fifth Circuit in determining whether to enforce forum selection provisions. *See, Duffy & McGovern Accommodation Services v. QCI Marine Offshore, Inc.*, 448 F.3d 825, 831 (5th Cir. 2006); *Dominguez v. The Finish Line, Inc.*, 439 F.Supp.2d 688, 690 (W. D. Tex. 2006).

                                            2200 One Galleria Tower
                                            13355 Noel Road, L.B. 48
                                            Dallas, Texas 75240-1518
                                            Telephone No. 972/419-8300
                                            Telecopier No. 972/419-8329
                                            cousins@gpm-law.com

                                   COUNSEL FOR STUDENTCITY.COM, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of June, 2007 I electronically filed the foregoing document with the clerk of the court for the U. S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

                          Windle Turley, Esq. - win@wturley.com
                              T. Nguyen - tu@wturley.com
                    *(Counsel for Jacqueline Snaza and Wayne Snaza)*

                          Dawn Estes, Esq. - destes@gardere.com
                          Sheryl Kao, Esq. - skao@gardere.com
*(Counsel for Cendant Operations, Inc. and Howard Johnson International, Inc.)*

I hereby certify that I have served the foregoing document by mailing a copy to the following individuals:

                                                *s/ Robert B. Cousins, Jr.*

*T:\RBC\01726\30\Pldg\USDC\Def. StudentCity.com, Inc.'s Motion to Dismiss or Transfer6.doc*