# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| JACQUELINE SNAZA and WAYNE | § | |
| SNAZA, Individually, and WAYNE | § | |
| SNAZA, as Representative of the Estate | § | |
| of DUANE SNAZA, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | NO. 3:07-CV-0495-O |
| | § | |
| HOWARD JOHNSON FRANCHISE | § | |
| SYSTEMS, INC., HOWARD JOHNSON | § | |
| INTERNATIONAL, INC. and | § | |
| STUDENTCITY.COM, INC., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

This is a wrongful death action brought by the parents of Duane Snaza ("Snaza"), who in March 2005 fatally fell from his balcony on the tenth floor of a Howard Johnson hotel in Mazatlan, Mexico, which is located in the Mexican State of Sinaloa. Pursuant to 28 U.S.C. § 636(b), and a court order dated January 30, 2008, the court referred the following motions for findings and recommendation to United States Magistrate Judge William F. Sanderson, Jr.: Defendant StudentCity.com Inc.'s Motion to Dismiss or Transfer, filed on July 16, 2007 (Doc. #13); and Defendant Howard Johnson Franchise System's and Howard Johnson International Inc.'s Motion to Dismiss for *Forum Non Conveniens*, filed September 25, 2007 (Doc. # 35). On June 6, 2008, the Magistrate Judge filed his Report and Recommendation ("Report"), wherein he recommended "that the motion to dismiss for *forum non conveniens* by Defendant [Howard Johnson] be granted." Report at 18. Alternatively, the magistrate judge recommended that, in the event the district court rejected his recommendation as to Howard Johnson's motion,

"Defendant StudentCity's motion to dismiss for lack of personal jurisdiction [should] be granted." *Id.* Plaintiffs filed objections to the Report on July 15, 2007. On August 26, 2008, Defendants filed their respective responses to Plaintiffs' objections. On September 9, 2008, Plaintiffs filed their reply to Defendants' responses. The matter is now ripe for disposition.

Following issuance of the Magistrate Judge's Report, in addition to their objections to the Report, Plaintiffs have filed two motions which are also ripe for disposition: Plaintiffs' Motion for Proposed Order in the Event the Court Grants A Dismissal of this Case on Defendants' FNC Motion, filed July 15, 2008 (Doc. # 104); and Plaintiffs' Motion for Oral Argument on Plaintiffs' Objections to Magistrate Judge Sanderson's Report and Recommendation of June 6, 2008 Re: FNC and Venue, filed September 4, 2008 (Doc. # 114).

For the reasons set forth fully below, the court **accepts in part and rejects in part** the findings and recommendation of the Magistrate Judge; **overrules in part and sustains in part** Plaintiffs' objections; **denies** Defendant Howard Johnson Franchise System's and Howard Johnson International Inc.'s Motion to Dismiss for *Forum Non Conveniens*; **denies as moot** Defendant StudentCity.com Inc.'s Motion to Dismiss or Transfer; **denies as moot** Plaintiffs' Motion for Proposed Order in the Event the Court Grants A Dismissal of this Case on Defendants' FNC Motion; and **denies** Plaintiffs' Motion for Oral Argument on Plaintiffs' Objections to Magistrate Judge Sanderson's Report and Recommendation of June 6, 2008 Re: FNC and Venue. Finally, "[f]or the convenience of [the] parties and witnesses, in the interest of justice," the court transfers this civil action to the United States District Court for the District of Massachusetts. *See* 28 U.S.C. § 1404(a).

# I.      Background

Plaintiffs Jacqueline Snaza and Wayne Snaza ("Plaintiffs"), both residents of South Dakota, as representatives of the estate of Duane Snaza, filed this lawsuit in the 191st Judicial District Court of Dallas County, Texas against Defendants StudentCity.com ("StudentCity"), Howard Johnson Franchise Systems, Inc. and Howard Johnson International, Inc. (collectively "Howard Johnson"). Defendant StudentCity removed the case to federal court on March 19, 2007.  On November 15, 2007, Plaintiffs filed their Second Amended Complaint generally alleging that Howard Johnson was negligent in failing to exercise ordinary care to protect Snaza from the danger of the height of the hotel railing, either by failing to adequately warn him of the condition and/or by failing to make that condition reasonably safe, and by failing to ensure that the railing heights met with International Building Codes.  Pl. Sec. Am. Compl. at 4 (Doc. # 54). Plaintiffs further allege that StudentCity, from whom Snaza purchased his spring break vacation for a trip to Howard Johnson in Mazatlan, Mexico, was negligent or grossly negligent in, among other things, failing to exercise ordinary care to protect Snaza from the danger of the low balcony railing, and by selecting a hotel for its Student Package Plan that it knew or should have known had a dangerously low balcony.  *Id*. at 6-7.

# II.     Standard of Review

Federal Rule of Civil Procedure 72(b) requires the district court to review *de novo* the portions of a magistrate judge's recommendation regarding dispositive motions to which the nonmovant has properly objected.  Fed. R. Civ. P. 72(b).  Based on its review, the district court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*

## III.    Analysis

A defendant bears the burden of persuasion as to all elements of the *forum non conveniens* analysis. *In re Air Crash Disaster Near New Orleans, La.*, 821 F.2d 1147, 1164-65 (5th Cir. 1987) (en banc), *vacated on other grounds sub nom.*, *Pan Am. World Airways, Inc. v. Lopez*, 490 U.S. 1032 (1989), *opinion reinstated on other grounds*, 883 F.3d 17 (5th Cir. 1989) (en banc). "A defendant invoking *forum non conveniens* ordinarily bears a heavy burden in opposing plaintiff's choice of forum." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, ___, 127 S. Ct. 1184, 1191 (2007). *See also In re Volkswagen of American, Inc.*, 545 F.3d 304, 314 (5th Cir. 2008) (en banc), *petition for cert. filed* (U.S. Dec. 9, 2008) (No. 08-754) (contrasting the "heavy burden traditionally imposed upon defendants by the *forum non conveniens* doctrine–dismissal permitted only in favor of a substantially more convenient alternative," with the lesser burden on defendants seeking transfer under 28 U.S.C. § 1404(a)) (internal citations omitted).[1]

When considering a motion to dismiss for *forum non conveniens*, "the ultimate inquiry is whether trial will best serve the convenience of the parties and the ends of justice." *Koster v. Lumbermen's Mut. Cas. Co.*, 330 U.S. 518, 527 (1947). In deciding a motion to dismiss for *forum non conveniens*, a court first determines whether an alternate forum is available and adequate. *Gonzales v. Chrysler Corp.*, 301 F.3d 377, 379-80 (5th Cir. 2002). A foreign forum is available if the entire case and all parties can come within the jurisdiction of that forum. *In re Air Crash Disaster*, 821 F.2d at 1165. A defendant comes within the jurisdiction of an alternate forum when "the defendant is amenable to process" in the alternate forum at the time of

---

[1]The court explained the rationale for the lesser showing of inconvenience required for a transfer under § 1404(a), namely, "because § 1404(a) venue transfers do not have the serious consequences of a *forum non conveniens* dismissal." *In re Volkswagen of American, Inc.*, 545 F.3d at 313 n.8.

dismissal. *Veba-Chemie A.G. v. M/V Getafix*, 711 F.2d 1243, 1246 (5th Cir. 1983) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 n.22 (1981)). A foreign forum is adequate if the parties will not be deprived of all remedies or treated unfairly even though they may not enjoy the same benefits as they might receive in an American court. *In re Air Crash Disaster*, 821 F.2d at 1165.

Upon determining that an alternative forum is both available and adequate, a court decides if the alternate forum is more convenient for the litigants by weighing the various private and public interest factors. *Gonzalez*, 301 F.3d at 379-80. Only if a court concludes that dismissal is not appropriate based upon its review of the private interest factors, must it then weigh the public interest factors. *Id*. If a court determines that these factors favor the moving party, it may dismiss the case for *forum non conveniens*. *Id*. The decision to grant or deny a motion to dismiss for *forum non conveniens* is within the sound discretion of the trial court. *American Dredging Co. v. Miller*, 510 U.S. 443, 454 (1994)

Plaintiffs have filed various objections to each step of the three-step inquiry. For purposes of clarity, the court will summarize the Magistrate Judge's findings at each step, and then analyze and rule on each of Plaintiffs' objections.

**A.      Availability of the Mexican Courts**

**1.      Magistrate Judge's Findings and Recommendation**

Correctly noting that "[a] foreign forum is available when the entire case and all parties can come within the jurisdiction of that forum," (*id*. at 3) (quoting *In re Air Crash Disaster*, 821 F.2d at 1165), the Magistrate Judge found that a Sinaloan court in Mexico "is an available forum." *Id* at 6. In reaching that finding, the Magistrate Judge took into account numerous factors. Critical to his decision was that both Defendants, although domiciled in the United

States, had agreed to submit to the Mexican court's jurisdiction.[2]  Also, Magistrate Judge Sanderson, while recognizing the fundamental disagreement between the parties' experts regarding the availability of Mexican courts to hear this case, found that both parties' experts appeared to agree that "if all parties agree to submit to the jurisdiction of the Sinaloan court, the court will accept jurisdiction."  *Id.* at 4.  As stated in the Report:

> Plaintiffs claim that the Mexican courts are not available because they will decline to exercise jurisdiction over the defendants which are not Mexican residents.  Plaintiffs argue that jurisdiction lies only in the Mexican territory where the defendants reside.
>
> Both parties have submitted expert affidavits addressing this issue.  Plaintiffs' expert Henry Saint Dahl concludes that Mexico is not an available forum and that Defendants' consent or submission to the Mexican legal system would not confer jurisdiction to Mexican courts.  However, most of Dahl's affidavit addresses legal principles of Latin America in general, as opposed to Mexican courts, and is based on journal articles or opinions of others, as opposed to his personal experience in Mexican practice.  In addition, the affidavit provides no support for the proposition that the Sinaloan court would, with certainty, decline jurisdiction over the case if all parties agreed to submit to that court's jurisdiction.
>
> Most importantly, while the parties' experts seem to disagree on the ultimate issue of whether the Sinaloan court is an available forum, they both appear to agree that if *all* parties agree to submit to the jurisdiction of the Sinaloan court, that court will accept jurisdiction.  Dahl opines that a bilateral agreement between the parties is needed to confer jurisdiction on the Mexican court.  Howard Johnson has submitted affidavit testimony from its expert on Mexican law, Emilio Gonzalez de Castilla, who states that the court in Sinaloa would accept jurisdiction if the parties agree to

---

[2]The Magistrate Judge found, "Howard Johnson states that it will agree to submit to the Mexican court's jurisdiction.  In addition, at the May 9, 2008 hearing before the court, counsel for StudentCity stated that it would also agree to submit to the Mexican court's jurisdiction."  Report at 4-5.  Prior to the May 9, 2009 hearing, StudentCity had not agreed to submit to the Mexican court's jurisdiction, but argued solely that this court lacked in personam jurisdiction over it and, alternatively, the case should be transferred to the District of Massachusetts pursuant to a forum selection clause in the contract executed online by Snaza.  *See generally* Defendant StudentCity.com Inc.'s Motion to Dismiss or Transfer (Doc. #13).

> submit to the court's jurisdiction. There is no indication from
> either side that the Mexican courts would not accept a properly
> executed agreement by all parties to submit to a particular Mexican
> court's jurisdiction.

Report at 4-5 (internal citations and punctuation omitted) (orig. emphasis). The Magistrate

Judge also found that, "the availability of the foreign forum can be assured by conditioning

dismissal on the foreign jurisdiction's willingness to hear the case." *Id.* at 5 (citing *Syndicate*

*420 at Lloyd's London v. Early American Ins. Co.*, 796 F.2d 821, 830 (5th Cir. 1986)) (amending

order to reflect that *forum non conveniens* dismissal was conditioned on willingness of English

courts to hear transferred case); *see also id.* at 5-6 and n.2 (citing *Vasquez v.*

*Bridgestone/Firestone, Inc.*, 325 F.3d 665, 671 (5th Cir. 2003)) (return jurisdiction clause

"remedies [plaintiff's concern that a foreign court may not remain an available forum or that

defendants will not submit to its jurisdiction] by permitting parties to return to the dismissing

court should the lawsuit become impossible in the foreign forum [and] failure to include a return

jurisdiction clause in a f.n.c. dismissal constitutes a per se abuse of discretion.").

## 2.     Plaintiffs' Objections to "Availability Finding"

*Plaintiffs' Objection Number One*: "[O]n page 4 of his Report, the Magistrate

wrongfully disregarded Plaintiffs' expert Dahl.   In fact Dahl is exceptionally well qualified."

Pl. Obj. at 8.   Plaintiffs go on to restate Dahl's qualifications, and contend that the Eastern

District of Texas, in the case of *Sacks v. Four Seasons Hotel Ltd.*, twice rejected the argument

that Dahl was not a qualified expert on Mexican law. *See id.* at 9.

In response to Plaintiffs' objection regarding the qualifications of Dahl, Howard Johnson

contends that the district judge in the *Sacks* case, contrary to Plaintiffs' representation, did *not*

find that Dahl was a qualified expert on Mexican law, but expressly stated that he did not rely on

Dahl's opinion in reaching his decision to deny a motion to dismiss for *forum non conveniens*. HJ Resp. to Pl. Obj. at 15 and HJ Appendix filed in Support of Resp. to Pl. Obj. at 131 ("HJ App.") (Sep. 10, 2007 Mem. and Order in *Sacks v. Four Seasons Hotel Ltd.*, No. 5:04CV73 (E.D. Tex.) at 7)). Howard Johnson also points to the declaration of its own expert, Gonzalez de Castilla, who testifies that litigation can proceed in a Sinaloan court (where the hotel is located and the obligation to provide safe premises arose) if Defendants expressly agree to submit to the jurisdiction of that court. *Id.* at 5-7 (citing HJ App. 39-45) (Castilla Decl. at 3-9).

   *Ruling:*

   The court **overrules** this objection and agrees with the Magistrate Judge's decision to give little weight to Dahl's opinion. First, a *de novo* review of the evidence shows that Dahl is a comparative law professor, that he is not a licensed attorney in Mexico, has never been admitted to practice *pro hac vice* in Mexico, and has never received any formal legal education in Mexico. *See* Ex. A to Pl. Resp. and Brief in Opp. to Howard Johnson Mot. to Dismiss (Dahl Affidavit) and Ex. 1 thereto (Dahl *curriculum vitae*) (Doc. # 77); Ex. F to HJ Appendix to Opp. to Pl. Mot. for Leave to File SurReply (Transcript of Dahl Depo. in *Sacks v. Four Seasons Hotel Ltd.*, No. 5:04CV73 (E.D. Tex.)) (Doc. #91). In a nutshell, Plaintiffs did not present sufficient evidence to satisfy the Magistrate Judge (or this court upon *de novo* review), that Dahl's qualification are adequate to opine on the jurisdictional nuances of Mexican law.

   The court has also independently reviewed the September 10, 2007 decision of the district court in *Sacks*. *See* HJ App. at 125-31. The district judge in his September 10, 2007 decision did *not* find that Dahl was a qualified expert on Mexican law. *Id.* at 130-31. Instead, after noting the numerous objections raised by defendants in that case to Dahl's qualifications to opine on Mexican law, the district judge made clear that he did not rely on Dahl's opinion in

reaching his decision to deny a motion to dismiss for *forum non conveniens*. *See id.* ("Considering the Court's finding that the balance of private and public interest factors favor resolving the case in Texas, and the fact that the Court's determination does not rely on Mr. Saint Dahl's opinions, the Court finds unnecessary an evidentiary hearing on Mr. Saint Dahl's qualification.").[3]  In light of the foregoing, the court **overrules** Plaintiffs' Objection Number One.

      ***Plaintiffs' Objection Number Two***: "[O]n pages 4 and 5 of his Report, the Magistrate wrongfully assumed that there would be a 'bilateral agreement between the parties' if the court moves this case to Mexico.  Again, Plaintiffs have not, and will not voluntarily submit to the jurisdiction of Mexico."  Pl. Obj. at 9.

      Howard Johnson's response summarizes Plaintiffs' argument as follows: "Basically, Plaintiffs seek to defeat HJI's Motion by saying they will refuse to file in the more appropriate forum and then claim that as a result of that refusal an alternative forum in Mexico is not available.  If that was possible, any plaintiff could defeat a *forum non conveniens* motion simply

---

[3]Plaintiffs are likely referring to the magistrate judge's original decision in *Sacks* recommending denial of defendant's motion to dismiss for *forum non conveniens*, initially adopted by the district court, wherein the magistrate judge did find that Dahl was qualified as an expert in Mexican law. *See* App. to Pl. Mot. for Leave to File Sur-Reply to Howard Johnson's Mot. to Dismiss at Exs. A & B (Doc. #88).  After the district court's initial decision denying defendant's motion to dismiss, however, defendant filed a motion for relief from the district court's order, contending that newly discovered evidence revealed plaintiff's lead expert on Mexican law, Dr. Pereznieto, perpetrated a fraud on a federal court in the Southern District of Indiana, and that Dr. Pereznieto's testimony regarding the purported unavailability of a Mexican forum likely infected Dahl's testimony that Mexico was unavailable.  The district judge referred the motion for relief from judgment to the magistrate judge, who reached the same conclusion and recommendation as in her first report, and recommended that the motion for relief from judgment be denied.  In his adoption of her recommendations, the district judge was careful to note that Dahl's affidavit was not a part of the decision: "Importantly, in considering the private and public interest factors, the Magistrate Judge did not reference Mr. Saint Dahl's affidavit." *See* HJ App. at 130-31 (Doc. #110). The district judge did not conduct an evidentiary hearing on Dahl's qualifications since "[t]he Court's finding that the interest factors weigh in favor of United States jurisdiction, alone, prevents dismissal without reference to the other findings and conclusions contained in [the magistrate judges' findings and recommendation]." *See id.*  In sum, this court finds no support in the record to support Plaintiffs' contention that the district court in *Sacks* found Dahl to be an expert in Mexican law.

by saying it would not file in an alternative forum, thereby rendering that [forum] 'unavailable.'"

Def. Resp. at Pl. Obj. at 17-18.

*Ruling:*

The court **overrules** this objection. First, the court has reviewed Dahl's affidavit, wherein he specifically states, after considering certain cases where Mexican courts have found that statutory requirements of express submission have not been met:

> These cases show that in Mexican law the unilateral stipulation made by defendants to the American Court cannot become a jurisdictional basis. **A bilateral agreement between the parties is needed**, where plaintiff waives the US forum and the specific Mexican court is designated. Counsel for Plaintiffs has informed me that in the case at bar Plaintiffs are not willing to enter such an agreement.

*See* Ex. A to Pl. Resp. and Brief in Opp. to Howard Johnson Mot. to Dismiss (Dahl Aff. ¶ 33) (emphasis added) (Doc. # 77). That Plaintiffs may ultimately refuse to file their lawsuit in Mexico does not mean that a Sinaloan court is not "available," as that term is defined in the context of a *forum non conveniens* analysis. As already stated, "[a] foreign forum is available when the entire case and all parties can come within the jurisdiction of that forum." *In re Air Crash Disaster*, 821 F.2d at 1165. Whether Plaintiffs actually file is simply not germane to the *forum non conveniens* analysis.[4] In light of the foregoing, the court **overrules** Plaintiffs' Objection Number Two.[5]

---

[4] Any attempt by a plaintiff to file in the wrong court or file surreptitiously expressly to defeat jurisdiction, of course, would be viewed as bad faith. *See generally In re: Bridgestone/Firestone, Inc.*, 420 F.3d 702, 707 (7th Cir. 2005), on remand to *In re: Bridgestone/Firestone, Inc.*, 470 F.Supp.2d 917, 920 (S.D. Ind. 2006) (where dismissal of Mexican-filed case was secured by fraudulent means, district court reinstated its prior order dismissing case for *forum non conveniens*).

[5] The remainder of Plaintiffs' Objection Number Two reiterates Dahl's opinion on Mexican law, and his assertion that a submission agreement would be ineffective. For the reasons already stated, the court gives little weight to Dahl's opinion and overrules these generic objections.

**Plaintiffs' Objection Number Three**: "[O]n page 5 of his Report, the Magistrate notes that the Fifth Circuit in [*Veba-Chemie A.G. v. M/V Getafix*, 711 F.2d 1243, 1245 (5th Cir. 1983)] held that 'a defendant's submission to jurisdiction of a foreign forum renders that forum available.' But the *Veba-Chemie* case dealt with the Netherlands (not Mexico!) as the possible alternative forum. On the same page 5, the Magistrate also cites to the case of [*Syndicate 420 at Lloyd's London v. Early American Ins. Co.*, 796 F.2d 821, 830 (5th Cir. 1986)] for the proposition that 'conditioning dismissal on the foreign jurisdiction's willingness to hear the case renders that forum 'available.' This logic is circular because if the foreign court is not willing to hear the case when it is refiled (as will be the case here) that foreign court was never available in the first place!" Pl. Obj. at 10.

**Ruling:**

The court **overrules** Plaintiffs' objections. The Fifth Circuit has held that a defendant's submission to jurisdiction of a foreign forum renders that forum available. *See Veba-Chemie A.G.*, 711 F.2d at 1245. As the Fifth Circuit stated in that case, a defendant comes within the jurisdiction of an alternate forum when "the defendant is amenable to process" in the alternate forum at the time of dismissal. *Id.* at 1246 (quoting *Piper Aircraft Co.*, 454 U.S. at 255 n.22). Although the foreign forum in that case was The Netherlands, and not Mexico, the Fifth Circuit's holding does not hinge on the identity of the foreign forum, but rather stands for the more general proposition that a forum is available for purposes of *forum non conveniens* when a defendant willingly submits to jurisdiction in that foreign forum. *See id.* In this case, both Defendants have agreed to submit to the jurisdiction of the Sinaloan court. In light of the foregoing, the court **overrules** Plaintiffs' Objection Number Three.

***Plaintiffs' Objection Number Four***: "Fourth, on page 6 in footnote 2, the Magistrate relies on the *Vasquez* case. The pivotal fact in *Vasquez* is that <u>all decedents </u>were Mexican citizens, and subsequent to this 2003 decision, a large number of *Bridgestone* cases were refused filing in Mexico." Pl. Obj. at 10 (orig. emphasis). Plaintiffs further object to the Magistrate Judge's statement that, based on *Vasquez*, a return jurisdiction clause "adequately addresses Plaintiffs' concerns regarding dismissal for lack of jurisdiction in Mexico." *Id.* at 11 (quoting Report at 5-6).

### *Ruling:*

The court **overrules** this objection. In *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 675 (5th Cir. 2003), the Fifth Circuit held that a return jurisdiction clause "remedies [plaintiffs' concern that a foreign court may not remain an available forum or that defendants will not submit to its jurisdiction] by permitting parties to return to the dismissing court should the lawsuit become impossible in the foreign forum." The *Vasquez* court also noted that the court's "failure to include a return jurisdiction clause in [a *forum non conveniens*] dismissal constitutes a per se abuse of discretion." *Id.* (citation omitted). Plaintiffs' argument that *Vasquez* said otherwise is wrong. Moreover, while Plaintiffs are correct that all decedents in *Vasquez* were Mexican, the Magistrate Judge relied on *Vasquez* for the proposition that it was plain error to not include a return jurisdiction clause in an order of dismissal for *forum non conveniens*, not because he believed the facts in *Vasquez* were directly analogous to this case. For these reasons, the court **overrules** Plaintiffs' Objection Number Four.

### ***Plaintiffs Objection Based on 17 Cases:***

Finally, although not part of a specific objection to the Report, and never raised before the Magistrate Judge, Plaintiffs present the court with seventeen cases from various Mexican

States, contending these decisions prove that a Sinaloan court cannot be an alternative forum because Defendants are not Mexican domiciliaries, and that a Mexican court cannot take jurisdiction over the case even if Defendants voluntarily submit via a submission agreement. *See* Pl. Obj. at 3-7 and Exs. A and B thereto.

In response, Howard Johnson argues that none of the 17 Mexican cases cited by Plaintiffs constitute binding precedent on a Mexican court, and, "contrary to Plaintiffs' representations to the court, *none of the cases involved a properly prepared submission agreement*[.]" HJ Resp. to Pl. Obj. at 4 (original emphasis).

**Ruling:**

The court has reviewed the cases and is not persuaded of Plaintiffs' position. In all but one case, it appears that plaintiffs failed to submit a document constituting an express submission agreement and the Mexican court dismissed for lack of jurisdiction over foreign defendants. Moreover, as Howard Johnson correctly notes, because Mexico is a civil law country and does not follow common law tradition, except in limited circumstances that are not present in this case, "the principle of *stare decisis* does not apply, judges cannot 'make law' in the common law sense, and the sporadically reported cases generally do not create law or constitute binding precedent." HJ Resp. to Pl. Obj. at 6 (citing HJ App. at 2, 82). Mexico's legal system is based upon the Napoleonic Code and relies entirely on the acts of the federal and state legislatures to create law. *See id.*

According to Howard Johnson's expert, Gonzalez de Castilla, Mexican courts can exercise jurisdiction over a foreign national with domicile abroad via a written submission agreement. *See* HJ App. at 41-45. Gonzalez de Castilla is a Mexican attorney, a practicing litigator in Mexico and a professor of civil obligations at a law school in Mexico. *Id.* at 46-50.

13

In addition to Castilla's opinion, Howard Johnson has submitted the declaration of Ilan Rosenberg, an attorney licensed to practice law in every jurisdiction in Mexico, and who has actively and continuously practiced before Mexican state and federal courts for more than ten years. *Id.* at 1. Rosenberg's declaration provides that: "Article 148 of the Code of Civil Procedure of Sinaloa, where the incident at issue occurred, provides that [the] Sinaloa judge to whom the parties have expressly or implicitly submitted has jurisdiction over a particular claim . . . [E]xpress submission exists when the interested parties unequivocally renounce the forum afforded them by law, and designate with precision the court to which they will submit." *Id.* at 2.

In light of the opinions of Castilla and Rosenberg, the court's own reading of Article 148 of the Code of Civil Procedure of Sinaloa, the lack of precedential value of the cases cited by Plaintiffs, and the fact that the cases are distinguishable, the court **overrules** Plaintiffs' Objection Based on 17 Cases.

### B. Adequacy of the Mexican Courts

#### 1. Magistrate Judge's Findings and Recommendation

The Magistrate Judge rejected Plaintiffs' argument that the Mexican courts were not adequate:

> "A foreign forum is adequate when the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy the same benefits as they might receive in an American court." *In re Air Crash Disaster*, 821 F.2d at 1165. "The substantive law of the foreign forum is presumed to be adequate unless the plaintiff makes some showing to the contrary, or unless conditions in the foreign forum made known to the court, plainly demonstrate that the plaintiff is highly unlikely to obtain basic justice there." [*DTEX, LLC v. BBVA Bancomer, S.A.*, 508 F.3d 785, 796 (5th Cir. 2007)]. "Adequacy" does not require that the

> alternative forum provide the same relief as an American court.
> *Id*.

Report at 6.   Following his review of the parties' arguments regarding adequacy of the Mexican

forum, the Magistrate Judge found: "There is no evidence that a Mexican forum would be so

inadequate that it would provide no remedy at all.   While differences exist between the legal

systems of Mexico and the United States, such differences do not dictate a finding that Mexico

does not provide an adequate forum.   Therefore, the court finds that Mexico provides an

adequate alternative forum."   *Id.* at  7-8.

### 2.        Plaintiffs' Objections to "Adequacy Finding"

Plaintiffs do not specifically object to any portion of  the Report regarding adequacy of

the Mexican court.   Instead, Plaintiffs produce a laundry list of reasons the Mexican court would

be inadequate.   *See* Pl. Obj. at 18-19.   Specifically, Plaintiffs argue that Mexican courts are not

adequate because they lack procedural safeguards available in the United States, no Mexican

attorney would take this case on a contingency fee basis, proceedings in Mexico would not be

concluded within a reasonable time frame, and the damages recoverable in Mexico would be

very limited.   *See id.*

### 3.        Ruling:

The court **overrules** this objection. As the Magistrate Judge correctly found, "[n]umerous

courts, including the Fifth Circuit, the Texas Supreme Court, and Texas federal district courts

have found Mexican courts adequate in the face of these same arguments."   Report at 8 (citations

omitted).   In *DTEX*, 508 F.3d at 798, the Fifth Circuit affirmed the district court's  opinion that

Mexico was an adequate forum despite the fact that the amount of damages would be more

limited in Mexico.   Similarly in *Vasquez*, 325 F.3d at 672, Mexico was held to be an adequate

forum despite limits on damages. *See also Gonzalez*, 301 F.3d at 382 (rejecting argument that

Mexican damages cap rendered Mexican forum inadequate and noting that availability of

contingency fees is not a factor that controls or influences determination); *Urena Taylor v.

Daimler Chrysler Corp.*, 196 F. Supp.2d 428, 432 (E.D. Tex. 2001) (that plaintiff may recover

less in Mexico does not render system inadequate). Finally, the Texas Supreme Court has

rejected arguments that Mexico's lack of procedural safeguards, inadequate discovery and

"severely restrict[ed] damages for death" render it inadequate. *See In re Pirelli Tire, L.L.C.*, 247

S.W.3d 670, 678 (Tex. 2007). In light of the foregoing, the court **overrules** Plaintiffs' objection

to the Magistrate Judge's finding that Mexico is an "adequate" forum.

> ### C. Private and Public Interest Factors
>
> #### 1. Deference to Plaintiffs' Choice of Forum
>
> ##### a. Magistrate Judge's Standard of Deference

According to the Magistrate Judge:

> Defendants bear the burden of persuading the court that Plaintiffs'
> lawsuit should be dismissed on *forum non conveniens* grounds.
> [*DTEX, LLC v. BBVA Bancomer, S.A.*, 508 F.3d 785, 794 (5th Cir.
> 2007)]. "[A] strong favorable presumption is applied to the
> plaintiff's choice of forum . . . [h]owever, the plaintiff's choice of
> forum is not dispositive." *Id*. at 795. Further, "[w]hen the
> plaintiff's choice is not its home forum . . . the presumption in the
> plaintiff's favor 'applies with less force,' for the assumption that
> the chosen forum is appropriate is in such cases 'less reasonable.'"
> *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 127 S.
> Ct. 1184, 1191 (2007) (quoting *Piper Aircraft Co. v. Reyno*, 454
> U.S. 235, 255-256, 102 S. Ct. 252 (1981)).

Report at 3.

> ##### b. Plaintiffs' Objection

Plaintiffs object that the Magistrate Judge failed to accord proper deference to their choice of forum. *See* Pl. Obj. at 11. According to Plaintiffs, "[t]he Magistrate ignores the fact that these are U.S. Plaintiffs who have sued U.S. defendants on U.S. soil in a U.S. federal court." *Id.* Linked to this objection is Plaintiffs' objection that the Magistrate Judge relied on factually dissimilar cases to support his findings and recommendation, since many of the cases he cites involved Mexican citizens suing in the United States courts, as opposed to United States citizens.

Howard Johnson contends that, although Plaintiffs' choice of forum is entitled to some deference, this deference is reduced when the operative facts giving rise to the action occur outside the selected forum. HJ Resp. to Pl. Obj. at 21-22. According to Howard Johnson:

> Here, all of the operative facts giving rise to this action occurred outside the State of Texas. While these US Plaintiffs chose to sue in a US forum, they chose to sue in a forum where none of the events giving rise to this action occurred. Instead, they have chosen to sue in Texas, where the only connection to the case is the office of their attorney. In light of these undisputed facts, the Court should give the Snaza's choice of forum less deference.

*Id.* at 22.[6]

### c.    Ruling

The level of deference the Magistrate Judge accorded Plaintiffs' choice of forum is difficult to decipher. Upon a close reading, however, it appears that the law of *forum non conveniens* was misapplied. Essentially, the Report conflates the level of deference accorded a United States plaintiff who chooses to sue in a United States court, with that accorded a foreign plaintiff who chooses to sue in a United States court.

---

[6]In support, Howard Johnson relies on two unreported cases from other jurisdictions. *See* HJ Resp. to Pl. Obj. at 22 (citing *Colantonio v. Hilton Int'l Co.*, 2004 U.S. Dist. LEXIS 15991 (E.D. Pa. Aug. 16, 2004)); *id.* at 19 (citing *Loya v. Starwood Hotels & Resorts*, 2007 U.S. Dist. LEXIS 49012 (W.D. Wash. July 6, 2007)). Howard Johnson's citation to unpublished district court opinions from other jurisdictions is neither persuasive nor binding.

Specifically, in recommending dismissal, the Magistrate Judge, like Defendants, focused heavily on the fact that Plaintiffs brought suit in Texas, which has no connection to the case, rather than South Dakota, where they reside and Snaza resided prior to his death. In distinguishing cases Plaintiffs cite where courts retained jurisdiction, the Magistrate Judge found that "the plaintiffs [in those cases] were not only residents of the United States *but also residents of the state in which they brought suit . . . Such is not the case here* – Plaintiffs did not sue in South Dakota, where they reside, but instead chose to sue in Texas, which has no connection to this lawsuit." *Id.* at 7 n.3 (emphasis added). Moreover, in setting forth the proper level of deference to be accorded a plaintiff's choice of forum in a *forum non conveniens* analysis, the Magistrate Judge noted that "when the plaintiff's choice is not its home forum . . . the presumption in the plaintiff's favor 'applies with less force' for the assumption that the chosen forum is appropriate is in such cases 'less reasonable.'" *See* Report at 3 (citing *Sinochem Int'l Co. Ltd.*, 127 S. Ct. at 1191) (quoting *Piper Aircraft*, 454 U.S. at 255-256) (Malaysian shipping company suing Chinese importer in federal court in Pennsylvania). Whether the Magistrate Judge considered Plaintiffs' "home forum" as South Dakota, rather than the United States, is not entirely clear from the Report. Given the Magistrate Judge's rationale, however, and the clear implication in the Report that dismissal would not have been warranted had Plaintiffs filed in South Dakota where they reside, the court can only conclude that the Magistrate Judge accorded Plaintiffs' choice of forum the lesser level of deference appropriate to a *foreign* plaintiff seeking to avail himself of the United States courts, and not that traditionally accorded a United States citizen seeking to bring suit in a United States court. *See generally Piper Aircraft*, 454 U.S. at 255-56 ("The District Court's distinction between resident or citizen plaintiffs and foreign

plaintiffs is fully justified . . .When the plaintiff is foreign, . . . [the] assumption [favoring the plaintiff's choice of forum] is much less reasonable.").

In a *forum non conveniens* case involving a motion to dismiss the case in favor of a foreign court, the "home forum" for the plaintiff is any federal district in the United States, not the particular district where the plaintiff lives.[7]  *See Guidi v. Inter-Continental Hotels Corp.,* 224 F.3d 142, 146, 147 n.4 (2d Cir. 2000) (where widow of businessman killed in Egypt brought suit in federal court in New York, but was a resident of a different state, in reversing district court's decision to dismiss for *forum non conveniens*, court held that "'home forum' as American citizens is a United States court" and "the states where plaintiffs reside are not relevant to *forum non conveniens* analysis[]"); *see also Reid-Walen v. Hansen*, 933 F.2d 1390, 1394 (8th Cir. 1991) ("At the outset, it is important to note that in *forum non conveniens* cases involving a potential reference to a foreign court, the relevant distinction is whether or not the plaintiff who has selected a federal forum is a United States citizen, not whether the plaintiff resides in the particular district where the case was brought.") (citations omitted); *Raytheon Eng'rs & Constructors, Inc. v. HLH and Assocs, Inc.*, 1998 WL 224531, at *2 (5th Cir. Apr. 17, 1998) ("'[T]here is ordinarily a strong presumption in favor of the plaintiff's choice of forum,' especially when a United States plaintiff has chosen the home forum.") (citing *Piper Aircraft*, 454 U.S. at 255).

That Plaintiffs, who are United States citizens, chose to file suit in Texas, rather than South Dakota where they reside, or Massachusetts where StudentCity has its principal place of business, is an issue more appropriately considered in analyzing whether a venue transfer is

---

[7]Although Plaintiffs initially filed this action in the 191st Judicial District Court of Dallas County, Texas, Defendant StudentCity removed the case to federal court on March 19, 2007.  *See* Am. Notice of Removal. Plaintiffs have since filed a Second Amended Complaint in this court, asserting subject matter jurisdiction under 28 U.S.C. § 1332. *See* Doc. #54.

warranted to another federal district pursuant to 28 U.S.C. § 1404(a), rather than in the context of a motion to dismiss for *forum non conveniens*. *See In re Volkswagen of American, Inc.*, 545 F.3d at 313 n.8 (quoting *Norwood v. Kirkpatrick*, 349 U.S. 29, 31 (1955)) ("The *forum non conveniens* doctrine is quite different from Section 1404(a). That doctrine involves the dismissal of a case because the forum chosen by the plaintiff is so completely inappropriate and inconvenient that it is better to stop the litigation in the place where brought and let it start all over again somewhere else. It is quite naturally subject to careful limitation for it not only denies the plaintiff the generally accorded privilege of bringing an action where he chooses, but makes it possible for him to lose out completely, through the running of the statute of limitations in the forum finally deemed appropriate. Section 1404(a) avoids this latter danger.") (internal citation omitted); *see also Iragorri v. United Technologies Corp.*, 274 F.3d 65, 72 n.4 (2d Cir. 2001) ("Where good reasons support conducting the litigation in the United States, but another U.S. district is markedly more convenient than the plaintiff's chosen forum, it will often be preferable 'for the convenience of the parties and witnesses, in the interest of justice' to transfer venue under 28 U.S.C. § 1404(a), rather than dismissing the case for *forum non conveniens*.").

In short, based on a close reading of the Report, the court concludes that the Magistrate Judge did not give sufficient deference to Plaintiffs' choice of a United States forum, and focused instead on the Plaintiffs' lack of contacts with the State of Texas, which is more properly considered under 28 U.S.C. § 1404(a). Accordingly, the court **sustains** Plaintiffs' objection to this portion of the Report.

### 2. Private and Public Interest Factors

The court has reviewed *de novo* the private and public interest factors, and determines that Defendants have failed to show how these factors weigh strongly enough in favor of

dismissal to overcome Plaintiffs' choice of forum in the United States. The private factors

include "the relative ease of access to sources of proof; the availability of compulsory process

for attendance of unwilling, and the costs of obtaining attendance of willing, witnesses; the

probability of an opportunity to view the premises, if view would be appropriate to the action;

and all other practical problems that make trial of a case easy, expeditious and inexpensive."

*Vasquez*, 325 F.3d at 672 (citing *McLennan v. Am. Eurocopter Corp., Inc.*, 245 F.3d 403, 424

(5th Cir. 2001)).

With regard to access to sources of proof, while it is true that the accident took place in

Mexico, based on the limited discovery thus far, it appears that while some documents and

witnesses would be located in Mexico, many of the relevant documents and witnesses would be

located in the United States, specifically New Jersey (the principal place of business of Howard

Johnson), Massachusetts (the principal place of business of StudentCity and the location of its

internet website) and South Dakota (the location of Snaza's medical records). Plaintiffs present

evidence from limited jurisdictional discovery that the "event" controlling the railing heights on

the subject property is controlled, reviewed and approved in the United States by Howard

Johnson pursuant to various franchise agreements maintained in the United States. *See* Ex. C to

Pl. Obj. (Depo. of Valerie Capers Workman at 78) and Ex. D (Howard Johnson Master License

Agreement). Presumably, these would be located in New Jersey.[8] Plaintiffs have presented the

court with the names of numerous witnesses to the creation, enforcement, maintenance and

_____

[8]Howard Johnson vigorously disputes Plaintiffs' contention that documents pertaining to monitoring and enforcement of standards would be located in New Jersey, since the hotel property was a sublicensee under a master license agreement. *See* Reply to Pl. Resp. to Mot. to Dismiss at 11; HJ Resp. to Pl. Obj. at 22-24. The court has not been presented with adequate information to determine which party is correct. However, even assuming *arguendo* that Howard Johnson is correct, this would not change the fact that the StudentCity key witnesses, specifically identified by Plaintiffs, are in the United States, as are the two individuals who were with Snaza at the time of the accident, as well as all Snaza's medical records and Plaintiffs themselves.

control of the policies and procedures in question, including, among others: Valerie Capers Workman (Vice President of Franchise Administration for Howard Johnson, located in New Jersey); Dan Olson (Director of Quality Assurance for Howard Johnson, located in New Jersey, responsible for conducting inspections of Howard Johnson branded hotels and creating reports); Mark Dvorak (former StudentCity.com Destination Manager for Mazatlan, located in Minnesota, and who met Snaza at the hotel and wrote a report about the accident); and Mario Ricciardelli (President of StudentCity, located in Massachusetts). *See* Pl. Resp. and Brief in Opp. to Howard Johnson Mot. to Dismiss at 25-26 and Exs. thereto. In addition, Plaintiffs identify numerous other StudentCity witnesses in Massachusetts, as well as the two friends who were with Snaza at the time of the accident, both in the United States, and other potential witnesses in Maryland and Minnesota. *See id.*

As between Mexico and the federal court in Texas, with sources of proof in Mexico, New Jersey, Massachusetts and South Dakota, as well as potentially in Maryland and Minnesota, the court determines that it would be easier to access these sources of proof by retaining jurisdiction of this case in a United States court, and not dismissing it for refiling in Mexico. Accordingly, the court determines that the first factor, access to sources of proof, weighs in favor of denying Howard Johnson's motion to dismiss.

With regard to compelling unwilling witnesses to testify and the cost of attendance of willing witnesses, based on the Rule 26 Disclosures filed in this case, it appears that witnesses reside in New Jersey, Maryland, Massachusetts, South Dakota, Minnesota and Mexico. To the extent these witnesses are corporate employees of Defendants, arguably Defendants could be compelled to produce them at trial. Any Mexican witnesses not under Defendants' control can be ordered under the Hague Convention or other process to give their testimony without

appearing in a United States court.  *See generally* Fed. R. Civ. P. 28(b).[9]  As to the cost of

attendance of willing witnesses, as the vast majority of identified witnesses (based on the limited

discovery thus far conducted), live in the United States, the court concludes *ipso facto* that travel

to Texas would be less expensive than travel to a foreign country.  In short, these factors also

weigh in favor of denying Howard Johnson's motion.

As to a view of the premises by the parties, the court, or a jury, it is not clear in these

days of advanced technology why a physical viewing of the hotel balcony would be necessary.

The parties and experts could present photographs and video to the court and/or jury.

On balance, for the reasons set forth directly above, the private interest factors indicate

that the United States federal court in Texas is a more appropriate forum than a Mexican court.

At a minimum, the court concludes that Defendants have not satisfied the court that these private

interest factors weigh so in favor of Mexico that they can overcome Plaintiffs' choice of a

United States forum.

As to the public interest factors, both parties have presented cogent arguments and the

court determines that these factors are neutral.  The factors include: "the administrative

difficulties flowing from court congestion; the local interest in having localized controversies

decided at home; the interest in having the trial of a diversity case in a forum that is at home with

the law that must govern the action; the avoidance of unnecessary problems in conflict of laws,

or in the application of foreign law; and the unfairness of burdening citizens in an unrelated

forum with jury duty."  *Dickson Marine, Inc. v. Panalpina, Inc.*, 179 F.3d 331, 342 (5th Cir.

---

[9]Although Howard Johnson lists four potential Mexican witnesses which it obtained from Plaintiffs' initial disclosures, other than an eyewitness Jesus Rivas del Valle, a security officer for the hotel, Howard Johnson has failed to articulate the relevance, if any, of the other three witnesses. According to Plaintiffs, who provided the names, only del Valle would be a witness. *See* Pl. Resp. to HJ Mot. to Dismiss at 33-34.

1999) (internal quotes omitted).[10]  Again, the Magistrate Judge focused on the fact that Plaintiffs were not residents of Texas:

> While the court is unwilling to speculate about the differences between court congestion in this court and that in the courts of the State of Sinaloa, it is clear that Texas has no interest in deciding this case.  Given that none of the parties is a resident of Texas, the fact that none of the conduct at issue took place in Texas and that Texas law will not govern, it is self-evidence that the claims are not related to this forum.  The absence of any nexus to Texas would unnecessarily burden citizens of this state to serve as jurors on a case in which neither the State of Texas nor its citizens are affected.  In contrast, the citizens of Mexico have a great interest in the safety of their hotels and due to the fact that the events at issue occurred there, it is far more appropriate that the issues be decided in a Mexican judicial forum.  Therefore, the public interest factors indicate that Mexico is the more appropriate forum for resolution of this dispute.

Report at 10-11.  The court disagrees and **sustains** Plaintiffs' objections to the Magistrate Judge's findings.  Both the United States and Mexico would have an interest in hearing this case.  Although it is not clear what substantive law would apply (*see supra* note 10), federal courts are routinely called upon to apply foreign law.

In short, the court determines that the private interest factors weigh in favor of trying this case in the United States federal court in Texas, not in Mexico.  The public interest factors are neutral. Accordingly, because Howard Johnson has failed to meet its burden of showing that these private and public interest factor weigh in favor of the Mexican forum, the court **rejects**

---

[10]With regard to the familiarity of the forum with the law that will govern the case and avoidance of unnecessary problems involving conflict of law or application of foreign law (*see In re Volkswagen*, 545 F.3d at 315), neither party has sufficiently briefed the issue of applicable law.  Howard Johnson contends without support that Mexican law will apply and Plaintiffs contend that the court will apply the law of whatever United States' jurisdiction has the most significant relationship to this case.  Given that the parties have not yet briefed this issue, and the court is lacking sufficient information to rule at this time, the court determines that this factor is neutral in the court's analysis.

the Magistrate Judge's recommendation that Howard Johnson's motion to dismiss for *forum non conveniens* should be granted and **sustains** Plaintiffs' objections to this recommendation.[11]

## IV.    *Sua Sponte* Transfer Pursuant to 28 U.S.C. § 1404(a)

Where good reasons support conducting the litigation in the United States, but another United States district is markedly more convenient than the plaintiff's chosen forum, it will often be preferable "[f]or the convenience of parties and witnesses, in the interest of justice" to transfer venue under 28 U.S.C. § 1404(a), rather than dismissing a case for *forum non conveniens*. *See Iragorri*, 274 F.3d at 72, n.4 (2d Cir. 2001). This is just such a case.

Pursuant to 28 U.S.C. § 1404(a), "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A district court may transfer an action pursuant to section 1404(a) *sua sponte*. *Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 761 (5th Cir. 1989); *Caldwell v. Palmetto State Savings Bank of South Carolina*, 811 F.2d 916, 919 (5th Cir. 1987).

There can be no dispute that for purposes of the general venue provisions of 28 U.S.C. § 1391, this action might have been brought in the federal judicial district court for the District of Massachusetts. *See* 28 U.S.C. § 1391(a) ("A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought . . . in a judicial district where any defendant resides, if all defendants reside in the same State[.]"). For purposes of the general venue statute, "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."). StudentCity has its principal place of business in Massachusetts and would be

---

[11]The court also notes that for purposes of *forum non conveniens*, "the ultimate inquiry is where trial will best serve the convenience of the parties and the ends of justice." *Koster*, 330 U.S. at 527. Justice is well-served in this case by recognizing the unique burden on Plaintiffs if they are required to litigate in a Mexican court in the State of Sinaloa where their son met his tragic death.

subject to personal jurisdiction there. *See* Am. Notice of Removal ¶ 3. Indeed, StudentCity has even argued that venue should be transferred to Massachusetts. *See* Defendant StudentCity.com Inc.'s Motion to Dismiss or Transfer (Doc. #13). Howard Johnson would also be subject to personal jurisdiction, as it does business throughout the United States. Howard Johnson itself notes that suit should have been brought in South Dakota or Massachusetts: "Indeed, it is a mystery why the plaintiffs chose to bring suit here [in Texas] and not in South Dakota, where they live, or Massachusetts, where StudentCity is located." HJ Reply to Pl. Resp. to HJ Mot. to Dismiss at 12; *see also In re Volkswagen*, 543 F.3d at 313 (noting that large corporations often have sufficient contacts to satisfy the requisites of the general venue provisions for most, if not all, federal venues.).

The relevant factors to be considered for determining the section 1404(a) venue transfer question are the same as those used in considering the *forum non conveniens* question. *See In re Volkswagen*, 545 F.3d at 314 n.9. With regard to the private interest factors, the court determines that, other than the offices of Plaintiffs' attorney, no documents or witnesses are located in Texas. The parties' attorneys' convenience is not a factor to be considered. *See In re Horseshoe Entertainment*, 337 F.2d 429, 434 (5th Cir. 2003). As already set forth in the context of the court's *forum non conveniens* analysis (*see supra*), numerous witnesses are located in Massachusetts, StudentCity's principal place of business. Counsel for StudentCity has argued that Massachusetts is, indeed, the proper forum for this case. *See* Supp. App. to Pl. Obj. at 8, lines 9-15 (Transcript of June 6, 2008 hearing). Moreover, at oral argument before the Magistrate Judge, counsel for StudentCity, in urging the court to transfer the case to Massachusetts, presented numerous reasons why transfer was warranted: "Massachusetts is a reasonable and logical forum, given that that's where StudentCity's principal place of business

is. That's where the employees are, the employees that – the management of StudentCity. That's where the decisions were made to the extent those decisions have to do with the plaintiff's cause of action." *See* Supp. App. to Pl. Obj. at 8, lines 9-15 (Transcript of June 6, 2008 hearing). To the extent that some witnesses are in New Jersey, travel to Massachusetts is less onerous than to Texas. As to South Dakota witnesses, this factor is neutral. As to Mexican witnesses, to the extent there are any, this factor is also neutral, as use of the Hague Convention and other processes (*see* Fed. R. Civ. P. 28(b)) obviates the need for these witnesses to travel to the United States. With regard to the public interest factors, the court agrees with StudentCity that, "[c]ertainly Massachusetts would have an interest in adjudicating a claim against one of its own citizens." StudentCity Mot. to Dismiss or Tranfer at 9. Any interest of the citizens of Texas is remote in comparison with Massachusetts, where StudentCity is headquartered.

In short, other than the location of Plaintiffs' attorney, this case has no connection with Texas. Both Defendants have argued the utter lack of connection to Texas numerous times in seeking dismissal for *forum non conveniens* or, in the case of StudentCity, a venue transfer to Massachusetts. *See supra*. The Magistrate Judge similarly noted "Plaintiffs did not sue in South Dakota, where they reside, but instead chose to sue in Texas, *which has no connection to this lawsuit*." *See* Report at 7 n.3 (emphasis added). Based on a consideration of the private and public interest factors, and given that Plaintiffs selected a forum with no connection to the case other than the location of their attorney, "for the convenience of parties and witnesses, in the interest of justice," *see* 28 U.S.C. § 1404(a), the court hereby *sua sponte* transfers this case to the United States District Court for the District of Massachusetts. The court will direct the clerk to effect the transfer in accordance with normal procedure.

**V.     Plaintiffs' Motion for Oral Argument on Plaintiffs' Objections to Magistrate Judge Sanderson's Report and Recommendation of June 6, 2008 Re: FNC and Venue**

Plaintiffs seek oral argument on their objections.  Defendants jointly oppose any such hearing.  First, Defendants contend that neither Federal Rule of Civil Procedure 72(b) nor Local Rule 72.2 provides for oral argument on objections to a magistrate judge's report and recommendation."  Def. Joint Opp. at 2.  Second, Defendants argue that "Plaintiffs already have had ample opportunity for oral argument of their positions . . . as evidenced by the hour-and-a-half and 60-odd pages of oral argument before the Magistrate Judge."  *Id.*  Having carefully reviewed the transcript of the oral hearing before Magistrate Judge Sanderson (*see* Pl. Supp. App. to Pl. Obj. to Report & Recomm. at Tab J), the court determines that both parties had a full and fair opportunity to present their legal arguments and evidence to the able Magistrate Judge. Plaintiffs' objections to the Report and Defendants' respective responses, as well as the appendices thereto, and the underlying record, are more than adequate for the court to conduct a *de novo* review of those portions of the Report to which Plaintiffs have objected.  Accordingly, as nothing would be gained by more oral argument at this juncture, the court **denies** Plaintiffs' Motion for Oral Argument on Plaintiffs' Objections to Magistrate Judge Sanderson's Report and Recommendation of June 6, 2008 Re: FNC and Venue (Doc. # 114).

**VI.     Conclusion**

Based on the foregoing, the court **overrules in part and sustains in part** Plaintiffs' objections to the Report.  The court **overrules** those objections pertaining to the availability and adequacy of the Mexican forum.  The court **sustains** those objections pertaining to the level of deference accorded Plaintiffs' choice of forum by the Magistrate Judge, as well as the Magistrate Judge's finding that Howard Johnson had met its substantial burden of showing that the private

and public interest factors overcame Plaintiffs' choice of a United States forum. Based on these rulings on Plaintiffs' objections, the court **accepts** the Magistrate Judge's Report insofar as he found Mexico to be an available adequate alternative forum, and **rejects** the Magistrate Judge's Report insofar as he found that Howard Johnson had met their burden of showing that the private and public interest factors overcame Plaintiffs' choice of forum, and that the court should dismiss this action based on the doctrine of *forum non conveniens*. Accordingly, the court **denies** Defendant Howard Johnson Franchise System's and Howard Johnson International Inc.'s Motion to Dismiss for *Forum Non Conveniens* (Doc. #35). Further, "[f]or the convenience of parties and witnesses, in the interest of justice," the court *sua sponte* **transfers** this case pursuant to 28 U.S.C. § 1404(a) from the United States District Court for the Northern District of Texas to the United States District Court for the District of Massachusetts. In light of this transfer, the court **denies as moot** Defendant StudentCity.com Inc.'s Motion to Dismiss or Transfer (Doc. #13) and **denies as moot** Plaintiffs' Motion for Proposed Order in the Event the Court Grants A Dismissal of this Case on Defendants' FNC Motion. Finally, the court **denies** Plaintiffs' Motion for Oral Argument on Plaintiffs' Objections to Magistrate Judge Sanderson's Report and Recommendation of June 6, 2008 Re: FNC and Venue. The court hereby **directs** the clerk to effect transfer of this case to the United States District Court for the District of Massachusetts pursuant to the normal procedure.

   **SO ORDERED** on this the 24th day of December, 2008.


                   _____

                   **Reed O'Connor**

                  **UNITED STATES DISTRICT JUDGE**